IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JASON P. FLEMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 318-054 |
| | ) | |
| ANDREW SAUL, Commissioner of Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Jason P. Fleming appeals the decision of the Deputy Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.    BACKGROUND**

Plaintiff protectively applied for DIB and SSI on April 12, 2013, alleging a disability onset date of June 1, 2012. Tr. ("R."), pp. 10, 338-51. Plaintiff was forty-five years old at his alleged disability onset date and was forty-eight years old when the Administrative Law Judge

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

("ALJ") issued the decision currently under consideration. R. 19, 338-51. Plaintiff applied for disability benefits based on a combination of alleged impairments, including bipolar disorder, explosive disorder, right knee injury, bursitis, and left carpal tunnel syndrome. R. 379. Plaintiff obtained a GED, and prior to his alleged disability accrued a relevant work history as a construction worker. R. 21, 380-81.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. R. 172-88. Plaintiff then requested a hearing before an ALJ, R. 189, and an ALJ held a hearing on September 17, 2014. R. 60-87. On November 13, 2014, ALJ G. William Davenport issued a decision finding Plaintiff not disabled, and, on March 18, 2016, the Appeals Council ("AC") vacated the decision and remanded the case for further proceedings. R 143-62, 163-67.

On August 22, 2017, ALJ John Maclean held a hearing. R. 38-59. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Dennis P. Conroy, a Vocational Expert. Id. On October 20, 2017, the ALJ issued an unfavorable decision. R. 7-23. Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since June 1, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments: bipolar disorder, anxiety disorder, explosive disorder, and ankle problems. (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)[2] as follows: The claimant would be limited to unskilled (SVP-2) routine work with few changes. The claimant could frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, occasionally stoop, crouch, crawl, and kneel, but cannot jump. The claimant could have frequent exposure to hazards, such as machinery and heights. The claimant cannot work face-to-face with the public, can have only occasional interaction with coworkers and supervisors, and that any work would best be done alone and not part of a team. Thus, the claimant is unable to perform any past relevant work. (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including marker, stock checker, and routing clerk. (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from June 1, 201, through the date of the ALJ's decision. (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

R. 13-21.

When the Appeals Council denied Plaintiff's request for review, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ erred by: (1) failing to find Plaintiff's impairments met a Listing; (2) assigning no

---

[2]"Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

weight to the opinions of Sheila Edmond, LPC, and social worker Richard W. Ussery; (3) misstating the record as to the third part function report submitted by Plaintiff's wife; (4) finding Plaintiff's subjective complaints were not consistent with the objective evidence of record; and (5) finding Plaintiff not disabled when the language in the decision supports a finding of disabled. See doc. no. 12 ("Pl.'s Br."); doc. no. 17 ("Pl.'s Reply"). The Commissioner maintains the ALJ's decision is supported by substantial evidence and should therefore be affirmed. See doc. no. 15 ("Comm'r's Br.").

The case should be remanded to the Commissioner for further consideration because the ALJ misstated Plaintiff's wife's third-party function report, to which he gave significant weight in determining Plaintiff's RFC.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is

"more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) & 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the

5

claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." <u>Watkins v. Comm'r of Soc. Sec.</u>, 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  <u>Baker v. Comm'r of Soc. Sec.</u>, 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).  When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence."  <u>Phillips</u>, 357 F.3d at 1238.  The ALJ appropriately considers sources other than medical sources, such as spouses, to show the severity of a claimant's impairments and how they affect his ability to work.  <u>See</u> 20 C.F.R. §§ 404-1502, 404-1513(a), 416.902, 416.913(a); SSR 06-03p.

> **B.     Substantial Evidence Does Not Support the ALJ's RFC Finding Because He Misstated the Third-Party Function Report by Mrs. Fleming, to Which He Attributed Significant Weight**

The ALJ gave significant weight to Mrs. Fleming's third-party function report in determining Plaintiff's RFC.  R. 19.  However, the ALJ substantially misstated Mrs. Fleming's report.  Accordingly, the Court cannot determine the ALJ's decision was based on substantial evidence.

The ALJ stated Mrs. Fleming "advised that the claimant had lost many jobs due to conflict with bosses and supervisors.  She said he would have no difficulty understanding were

6

[sic] carrying out simple instructions, and as long as he is not agitated or perceiving interference from others, could keep focus on his work activity." R. 19. The ALJ assigned significant weight to Mrs. Fleming's third-party report as it describes Plaintiff's functional ability, as the limitations therein were consistent with "the claimant's report generally" and supporting evidence in the treatment record. Id. Although the ALJ attributed the statements quoted above to Mrs. Fleming, they are actually found in Dr. John S. Muller's report of his June 13, 2013 psychological evaluation of Plaintiff, not in Mrs. Fleming's third-party function report. R. 547. Indeed, the ALJ does not actually include any statement from Mrs. Fleming regarding Plaintiff's functional limitations in his opinion, despite giving her third-party report significant weight.[3] The ALJ does not indicate what, if any, weight, he gave to Dr. Muller's opinions following the June 13th consultative examination. R. 19.

Furthermore, Mrs. Fleming's statements as to Plaintiff's functional ability are inconsistent with those attributed to her by the ALJ in his decision. Mrs. Fleming states Plaintiff "can't keep any job [be]cause of his attitude and temper" and "can't work with people at all." R. 400. Mrs. Fleming indicates Plaintiff can only pay attention for a few minutes and can only sometimes follow written and spoken instructions. R. 404. Mrs. Fleming states Plaintiff cannot interact with authority figures at all because they "always say or do something that pisses him off" and he has been fired for arguing with management. R. 405. Mrs. Fleming says Plaintiff cannot handle stress at all because he gets angry at the perceived source of stress and he can only sometimes handle changes in his routine. Id. Finally, Mrs. Fleming states Plaintiff has dreams about killing and hurting people, cannot go out alone because "he might get pissed off at

---

[3]The ALJ correctly cites Mrs. Fleming's statements regarding Plaintiff's activities of daily living, to which he gives great weight. See R. 16, 401-03. However, these statements do not directly relate to this issue.

7

someone or they get him pissed off [sic]," and has problems getting along with family, friends, and neighbors because he "gets mad and angry with people all the time." R. 400, 402, 404.

Mrs. Fleming's opinion Plaintiff cannot maintain employment because of his temper and inability to interact with management is flatly inconsistent with the opinion attributed to her by the ALJ that Plaintiff would be able to work in a focused manner as long as he was not agitated or perceiving interference from others. Indeed, Mrs. Fleming stated Plaintiff cannot even leave the house alone because of the risk of someone angering him. R. 402. Moreover, although the ALJ indicated Mrs. Fleming stated Plaintiff would have no difficulty understanding and carrying out simple instructions, Mrs. Fleming actually stated Plaintiff could only sometimes follow written and spoken instructions, indicating he would experience occasional difficulties. Thus, it is unclear to what extent the ALJ considered Mrs. Fleming's statements in her third-party function report in determining Plaintiff's RFC or how the ALJ would have weighed Mrs. Fleming's actual opinions. Thus, to the extent the ALJ's RFC relies on erroneously attributing Dr. Muller's opinions to Mrs. Fleming's third-party report, the Court cannot say it is based on substantial evidence.

Defendant argues the ALJ's consideration of Mrs. Fleming's report was proper because: (1) opinions from sources other than acceptable medical sources are not entitled to special significance or consideration; (2) Mrs. Fleming's report is merely cumulative of Plaintiff's own testimony, which the ALJ found not entirely reliable; (3) the ALJ "clearly considered" her statements and did not err by not explicitly discussing each one; and (4) the ALJ's attribution of Dr. Muller's opinion to Mrs. Fleming was merely a typographical error and harmless. Comm'r's Br., pp. 16-19.

First, although the ALJ was not required to give special significance or consideration to Mrs. Fleming's report, he decided to do so and gave it significant weight in determining Plaintiff's RFC. R. 19. The ALJ is not excused from providing a full and satisfactory explanation for his decision merely because Mrs. Fleming is not an acceptable medical source.

Second, Defendant is correct the ALJ determined Mrs. Fleming's report is consistent with Plaintiff's subjective complaints, which were found not to be entirely credible. However, the ALJ's decision to nevertheless give Mrs. Fleming's third-party function report significant weight is troubling. The ALJ gives Mrs. Fleming's report significant weight on the basis that the "limitations expressed [therein] are consistent with the claimant's report generally" and the evidence in the treatment record R. 19. However, as noted above, the ALJ determined Plaintiff's subjective complaints and statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record. R. 17. Thus, the ALJ appears to find Mrs. Fleming's report is consistent with both Plaintiff's subjective complaints and the objective medical evidence but Plaintiff's complaints and the objective evidence are inconsistent with each other. The ALJ does not attempt to clarify this disparity or otherwise explain to what extent either Plaintiff's subjective complaints or Mrs. Fleming's report are inconsistent with the record.

Third, Defendant argues the ALJ did not err by failing to explicitly discuss each statement contained in Mrs. Fleming's report; i.e., those concerning Plaintiff's ability to function in the workplace, because he considered her statements about Plaintiff's activities of daily living. Comm'r's Br., pp. 17-18. Even if Defendant is correct the ALJ was not required to discuss each statement in Mrs. Fleming's report, he erred by falsely attributing functional opinions regarding Plaintiff to her in his discussion of her statement.

9

Finally, the ALJ attributing Dr. Muller's opinions to Mrs. Fleming was not a mere typographical error. The ALJ's erroneous attribution fundamentally undermines his consideration of Mrs. Fleming's report and any basis upon which the Court could determine the ALJ's decision is based upon a full and complete consideration of the record.

The Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability applications, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted.

The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 27th day of June, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA